IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| JOSEPH L. BROWN, #07942-025, | ) | |
| --- | --- | --- |
| Plaintiff, | ) ) ) | |
| vs. | ) ) | CIVIL NO. 11-cv-655-MJR |
| UNKNOWN PARTY CLERK, name unknown, and other responsible persons, | ) ) ) ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

**REAGAN, District Judge:**

Plaintiff Joseph L. Brown, an inmate in USP-Hazelton, Bruceton Mills, West Virginia, brings this action for deprivations of his constitutional rights by persons acting under the color of federal authority. *See Bivens v. Six Unknown Named Agents*, 403 U.S. 388 (1971). Plaintiff is serving a 78-month sentence for conspiracy and intimidation. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
> (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). An action fails to state a claim upon which relief can be granted if it does not plead "enough facts to state a claim to relief that is plausible on its

face." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Conversely, a complaint is plausible on its face "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 129 S. Ct. 1937, 1949 (2009). Although the Court is obligated to accept factual allegations as true, some factual allegations may be so sketchy or implausible that they fail to provide sufficient notice of a plaintiff's claim. *Brooks v. Ross*, 578 F.3d 574, 581 (7th Cir. 2009). Additionally, Courts "should not accept as adequate abstract recitations of the elements of a cause of action or conclusory legal statements." *Id*. At the same time, however, the factual allegations of a pro se complaint are to be liberally construed. *See Rodriguez v. Plymouth Ambulance Serv.*, 577 F.3d 816, 821 (7th Cir. 2009).

Upon careful review of the complaint, the Court finds it appropriate to exercise its authority under § 1915A and shall dismiss this case.

**The Complaint**

Plaintiff states that he submitted two original lawsuits for filing in this Court, but that he does not know what happened to those lawsuits. He asserts that the Clerk of this Court, and other unknown persons in the Clerk's office, have violated his right to "proper legal process" because neither lawsuit has gone forward, and he wants these lawsuits to proceed (Doc. 1, p. 3).

Plaintiff describes the first lawsuit as having been captioned, "Joseph Brown vs. Unknown Persons #1-#5, and any other person(s)," and states it was signed and dated on October 16, 2010 (Doc. 1, p. 3). The other lawsuit was captioned, "Joseph Brown vs. Unknown Persons #1-#5 correctional officers, any other person(s), Zack Roeckeman, Alberta Brown, Male Doctor (Name Unknown)." *Id.* Plaintiff does not indicate the date when he signed or mailed the second complaint.

Plaintiff requests that his cases "proceed in proper fashion" and that he be awarded money damages.

**<u>Litigation History</u>**

Before filing the instant action on July 27, 2011, Plaintiff had filed four previous lawsuits in this Court. Two of those are still pending. Those cases are as follows:

**A. Case No. 10-142-JPG**

On February 22, 2010, Plaintiff filed *Brown v. Roeckeman*, Case No. 10-142-JPG, alleging that while he was detained in the Marion County Law Enforcement Center prior to January 10, 2009, corrections staff slipped barbituates into his food. That case was dismissed with prejudice on July 14, 2010, for failure to state a claim upon which relief may be granted against Defendants Roeckeman and Milner. The dismissal earned Plaintiff a "strike" under 28 U.S.C. § 1915(g).

**B. Case No. 10-179-JPG-PMF**

On March 4, 2010, Plaintiff filed a second case, *Brown v. Roeckeman*, Case No. 10-179-JPG-PMF. The original complaint named several other Defendants, including Nurse Ashley, Jimmy Milner, C/O Morris, and Nurse Sister. Plaintiff alleged that after his request to be put on suicide watch was denied, he hung himself in his cell with a phone cord, and was then assaulted by the officers who intervened. Plaintiff later amended his complaint, and the matter is still pending in this Court.

**C. Case No. 10-818-GPM**

On October 18, 2010, Plaintiff filed a third case, *Brown v. Unknown Parties*, Case No. 10-818-GPM. Plaintiff styled the case "Joseph Brown vs. Unknown Name #1, Unknown Name #2, [etc.]," listing a total of five unknowns (Doc. 1 in No. 10-818-GPM). The complaint was

signed on October 7, 2010, and re-alleged the barbiturate claims that had been dismissed in Case No. 10-142-JPG, but this time, named the Unknown Defendants.

A first amended complaint against Unknown Persons #1-#5 regarding the barbiturate claims was docketed in that case on October 26, 2010 (Doc. 8 in No. 10-818-GPM). That complaint had been signed by Plaintiff on October 16, 2010.

A second amended complaint, signed by Plaintiff on October 17, 2010, was filed in that case (Doc. 24 in No. 10-818-GPM, docketed on November 18, 2010), against Unknown Persons #1-#5. That amended complaint also named Zack Roeckeman, Alberta Brown, and Male Doctor (Name Unknown) as Defendants, and claimed that Plaintiff had been assaulted by another inmate, by guards, and had been denied medical attention, at an unspecified time in "early 2009" (Doc. 24, p. 2, in No. 10-818-GPM).

Plaintiff then filed a motion, dated October 18, 2010, and docketed on October 25, 2010, "to withdraw above lawsuit to bring forth same action in different fashion" (Doc. 7 in No. 10-818-GPM). Subsequently, Plaintiff filed a multitude of other motions in the case (See Docs. 40, 43, 47 in No. 10-818-GPM). This Court granted Plaintiff's motion to voluntarily dismiss his suit on April 1, 2011 (Doc. 35 in No. 10-818-GPM). The dismissal was without prejudice, leaving Plaintiff the option to re-file any of his claims in a new action.

### D. Case No. 11-109-JPG-PMF

Plaintiff's fourth case was filed on February 9, 2011, entitled *Brown v. Brenner*, Case No. 11-109-JPG-PMF. Plaintiff's claims that he was strip-searched and abused by correctional officers are still pending before this Court.

**Discussion**

First, as noted above, the Prison Litigation Reform Act (PLRA) requires federal courts to

conduct a merits screening of any civil action filed by a prisoner before the lawsuit may proceed. S*ee* 28 U.S.C. § 1915A. Thus, Plaintiff has no "right" to have the lawsuits in question go forward, unless they survive this screening process.

From Plaintiff's description in the instant complaint of his "lost" lawsuits, it appears that the complaint he submitted on October 16, 2010, captioned "Joseph Brown vs. Unknown Persons #1-#5, and any other person(s)" was filed as the first amended complaint in Case No. 10-818-GPM, as Doc. 8. That amended complaint had the identical caption as the original complaint in Case No. 10-818-GPM. Likewise, the complaint that was captioned, "Joseph Brown vs. Unknown Persons #1-#5 correctional officers, any other person(s), Zack Roeckeman, Alberta Brown, Male Doctor (Name Unknown)," appears to be the document that was filed as the second amended complaint in Case No. 10-818-GPM, as Doc. 24. Again, the caption of this document was identical to that of the original complaint, with the exception of the added Defendants.

When Case No. 10-818-GPM came before the Court for a merits review, numerous motions submitted by Plaintiff were pending. The Court reviewed these motions as well as the original and amended complaints. The Court concluded that because Plaintiff had requested to "withdraw the lawsuit" in his motion dated October 18, 2010 (Doc. 7 in No. 10-818-GPM), and had never sought to withdraw or rescind that motion, voluntary dismissal should be granted (Doc. 35 in No. 10-818-GPM; see also Doc. 40 in No. 10-818-GPM). Because it was granted at Plaintiff's request, the dismissal was without prejudice to the claims being re-filed at a future date, at Plaintiff's option.[1]

---

[1] The Court expresses no opinion as to the potential merits of any claims which Plaintiff may wish to re-file. Any re-filed claims will be subject to the PLRA screening required by § 1915A; if the claims survive that screening, affirmative defenses such as the statute of limitations may be asserted.

Plaintiff now seeks damages against the Clerk of Court for denying his right to prosecute the claims contained in the two lawsuits he submitted, which were filed as amended complaints in Case No. 10-818-GPM. However, the dismissal of that case was by order of this Court after Plaintiff himself requested to withdraw the lawsuit. The Clerk's action of dismissing Plaintiff's case was required in order to implement the Court's order. Had Plaintiff sought instead to bring suit against the judge who signed that order of dismissal, he could not have succeeded. Judges, being sued solely for judicial acts, are protected by absolute judicial immunity. *Mireles v. Waco,* 502 U.S. 9, 11-12 (1991); *Forrester v. White,* 484 U.S. 219, 225-29 (1988); *Bradley v. Fisher*, 80 U.S. (13 Wall.) 335, 347, 20 L.Ed. 646 (1872); *Richman v. Sheahan*, 270 F.3d 430, 434 (7th Cir. 2001); *Scruggs v. Moellering,* 870 F.2d 376, 377 (7th Cir.), *cert. denied,* 493 U.S. 956 (1989).

As shown in the above summary of Plaintiff's litigation history, all of Plaintiff's lawsuits have been properly docketed and reviewed by the Court. Of the four actions he filed, one was dismissed for failure to state a claim, without prejudice to the claim being re-filed, one was dismissed without prejudice at Plaintiff's request, and the other two remain pending. Assuming, for the sake of argument, that an error had been made in the docketing of one or both of Plaintiff's complaints at issue here, the Court's judgment after reviewing the totality of Plaintiff's filings was an exercise of discretion protected by the doctrine of absolute immunity.

While the Clerk of Court and other court personnel are not protected by absolute immunity, they may be entitled to quasi-judicial immunity if they were acting at the direction of a judge. *See Antoine v. Byers & Anderson, Inc*., 508 U.S. 429, 436-38 (1993) (overruling that portion of *Scruggs*, 870 F.2d at 377, which held that court reporters and clerks were absolutely protected by judicial immunity); *Schneider v. Cnty. of Will*, 366 Fed. App'x 683, 685 (7th Cir. 2010). In this instance, because the Clerk's action was at the direction of this Court, the

immunity for discretionary judicial action also extends to shield the Clerk and Clerk's office employees from Plaintiff's claims.

Accordingly, Plaintiff fails to state a constitutional claim upon which relief may be granted for the dismissal of his lawsuits, and this case shall be dismissed with prejudice.

**Pending Motions**

Plaintiff's motion to appoint counsel (Doc. 2), motion to enter copy of original lawsuit (Doc. 3), motion to enter letters (Doc. 4), motion to add names to this lawsuit (Doc. 7), and motion to enter letter and request criminal charges (Doc. 8), all are **DENIED AS MOOT.**

**Disposition**

**IT IS HEREBY ORDERED** that this action is **DISMISSED** with prejudice for failure to state a claim upon which relief may be granted.

Plaintiff is **ADVISED** that this dismissal shall count as one of his allotted "strikes" under the provisions of 28 U.S.C. § 1915(g). Plaintiff's obligation to pay the filing fee for this action was incurred at the time the action was filed, thus the filing fee of $350 remains due and payable. *See* 28 U.S.C. § 1915(b)(1); *Lucien v. Jockisch*, 133 F.3d 464, 467 (7th Cir. 1998).

The Clerk shall **CLOSE THIS CASE**.

IT IS SO ORDERED.

DATED January 25, 2012.

s/ MICHAEL J. REAGAN
Michael J. Reagan
United States District Judge
